(129 App. Div. 553.)

SWANTON v. HASTINGS PAVEMENT CO.

(Supreme Court, Appellate Division, Second Department.   December 30, 1908.)

1. HIGHWAYS (§ 213*)—REPAIR—PERSONAL INJURIES—OBSTRUCTING PASSAGE OF
     TROLLEY CAR—CONTRIBUTORY NEGLIGENCE—MATTER OF LAW.
       Plaintiff, an inspector, was knocked from the running board of a car
     by a projecting part of a concrete mixer, used by defendant in repairing
     the highway.   *Held* that, admitting he could have seen it when boarding
     the car and that it was plainly visible from that time until he was thrown
     off, he was not guilty of negligence as a matter of law, because he was not
     legally obliged to look for such obstructions, and his duties required his
     attention elsewhere, and he had a right to rely on other users of the
     highway not dangerously obstructing the passage of cars.
       [Ed. Note.—For other cases, see Highways, Dec. Dig. § 213.*]

2. NEGLIGENCE (§ 61*)—INJURY CAUSED BY NEGLIGENCE OF THIRD PERSON AND
     FELLOW EMPLOYÉ.
       Where plaintiff, an inspector in the employ of a trolley road, was
     knocked from a car by a projecting part of a concrete mixer used by
     defendant in repairing the highway, if the accident was caused by the
     negligence of both defendant and the motorman, a fellow employé of
     plaintiff, defendant would still be liable.
       [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 74, 75;  Dec.
     Dig. § 61.*]

Appeal from Trial Term, Richmond County.

Action by George E. Swanton against the Hastings Pavement Company.   From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Frederick E. Fishel, for appellant.
George M. Pinney, Jr., for respondent.

HOOKER, J.   The plaintiff, an inspector in the employ of a trolley road, was riding on the running board on one of its open cars, and was hit and thrown therefrom by a projecting part of a concrete mixer, which was being used by the defendant in the repair of the highway.   It seems to be undoubted that there was sufficient evidence to establish the negligence of the defendant.   The nonsuit was granted on the ground that the plaintiff had not shown himself free from contributory negligence.   Admitting that when he boarded the car he could have seen the mixer for a distance ahead, and, had he seen it, supposed that it was too near the track, and admitting that the mixer was in plain view from the time he boarded the car to the time he was thrown off the running board, yet he was not guilty of negligence on

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his part as a matter of law, for the reasons, first, that he was under no legal obligation to look ahead before getting upon the car to anticipate possible obstructions in the track or near it, and, second, he had his duties to perform, which he was doing after he boarded the car, these duties required his attention elsewhere than to the track ahead, and he had a right to rely upon other users of the highway performing the duty they owed to the trolley company, and to passengers upon its cars, not dangerously to obstruct their passage. If the thing was caused by the negligence of both the defendant and the motorman, a fellow employé of the plaintiff, the defendant would still be liable.

The judgment must be reversed, and a new trial granted; costs to abide the event. All concur.